IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHELLE PIETRZAK,

        Plaintiff,                      Case No. 3:09-cv-163

vs.                                              Judge Thomas M. Rose

MICHAEL J. ASTRUE,               Magistrate Judge Michael R. Merz
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING PIETRZAK'S OBJECTIONS (Doc. #14) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S SECOND DECISION THAT PIETRZAK WAS NOT DISABLED AND TERMINATING THIS CASE**

_____

      Plaintiff Michelle Pietrzak ("Pietrzak") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the second final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying her application for Social Security disability benefits. Pietrzak appealed the first final decision of the Commissioner that she was not disabled. In the matter of *Pietrzak v. Commissioner of Social Security*, Case No. 3:05-cv-246 (S.D. Ohio Sep. 29, 2006), Magistrate Judge Sharon L. Ovington recommended that the matter be remanded for further administrative proceedings and District Judge Walter H. Rice adopted this recommendation.

      During that time, Pietrzak filed subsequent applications for disability insurance benefits and supplemental security benefits. The Commissioner consolidated these applications with

1

Pietrzak's appeal of the first denial of social security benefits.

On remand, Administrative Law Judge Thomas McNichols ("ALJ McNichols") held a hearing on the consolidated applications. ALJ McNichols again denied Pietrzak's claim finding that Pietrzak was not disabled. This determination and the resulting denial of benefits then became the second final decision of the Commissioner. Pietrzak has now brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the second final decision of the Commissioner denying her consolidated applications for Social Security disability benefits.

On April 20, 2010, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (doc. #13) recommending that the Commissioner's second decision that Pietrzak was not disabled be affirmed. Pietrzak subsequently filed Objections. (Doc. #14). The time has run and the Commissioner has not responded to Pietrzak's Objections. This matter is, therefore, ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in Pietrzak's Objections (doc. #14), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Pietrzak was not disabled. Finally, Pietrzak's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct

legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal criteria. WHEREFORE, based upon the aforesaid, Pietrzak's Objections to the Magistrate Judge's Report and Recommendations (doc. #14) are OVERRULED, and this Court

adopts the Report and Recommendations of the United States Magistrate Judge (doc. #13) in its entirety. The Commissioner's second decision that Pietrzak was not disabled is AFFIRMED.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Third Day of June, 2010.

.                                                                     **s/Thomas M. Rose**
                                                                      _____
                                                                      JUDGE THOMAS M. ROSE
                                                                      UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record